[Cite as *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.,* 128 Ohio St.3d 492, 2011-Ohio-1603.]

ZUMWALDE, APPELLEE, *v.* MADEIRA AND INDIAN HILL JOINT FIRE

DISTRICT ET AL; ASHBROCK, APPELLANT.

[Cite as *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.,*

128 Ohio St.3d 492, 2011-Ohio-1603.]

*Civil immunity of political subdivisions and employees — Action by employee of political subdivision arising out of employment relationship — R.C. 2744.09(B).*

(No. 2010-0218 — Submitted February 1, 2011 — Decided April 7, 2011.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-090015, 2009-Ohio-6801.

_____

SYLLABUS OF THE COURT

In a civil action brought by an employee of a political subdivision against another employee of the political subdivision arising out of the employment relationship, R.C. 2744.09(B) removes immunity only as to the political subdivision and does not affect the statutory immunity of the fellow employee.

_____

CUPP, J.

{¶ 1} The issue in this case is whether R.C. 2744.09(B) removes immunity from an employee of a political subdivision in a civil action filed against the employee by another employee of the same political subdivision when the civil action relates to a matter that arises out of the employment relationship between the employee bringing the suit and the political subdivision. For the reasons that follow, we conclude that R.C. 2744.09(B) does not remove immunity from an employee of a political subdivision under such circumstances. We

accordingly reverse the judgment of the court of appeals and remand this matter to the court of appeals for further proceedings consistent with this opinion.

**Facts and Procedural History**

{¶ 2} Plaintiff-appellee, Barbara Zumwalde, previously sued defendant Madeira and Indian Hill Joint Fire District for unlawful employment discrimination. As part of the resolution of that matter, the district offered Zumwalde full-time employment contingent upon her passing a physical examination.

{¶ 3} In completing a questionnaire for the examination on July 14, 2005, Zumwalde indicated that she neither had nor had ever had back problems. Further, Zumwalde certified that all her answers in the questionnaire were true and complete and acknowledged that any material and deliberate falsification of fact would be grounds for dismissal. It was later learned, however, that Zumwalde's medical records indicated that she had received chiropractic treatment for back pain beginning in May 2005.

{¶ 4} On September 29, 2005, Zumwalde sustained a work-related injury to her low back during a training exercise. As a result, Zumwalde filed a workers' compensation claim, which the district approved for benefits on or about October 14, 2005.

{¶ 5} While investigating Zumwalde's workers' compensation claim, Chief Stephen Ashbrock of the district learned of Zumwalde's chiropractic treatment for back pain. Ashbrock determined that Zumwalde's misrepresentations violated the district's Personnel Guide and scheduled a predisciplinary conference for July 31, 2006.

{¶ 6} Based on the evidence presented at the July 31, 2006 conference, Ashbrock found that Zumwalde had violated two provisions of the Personnel Guide. Ashbrock suspended Zumwalde for 30 calendar days without pay and provided notice of her right of appeal to the district's Personnel Committee of the

2

board of trustees. Zumwalde appealed the suspension. On October 20, 2006, the Personnel Committee sustained Ashbrock's conclusions and findings but reduced the period of loss of pay to 20 calendar days.

{¶ 7} Zumwalde then filed suit in the Hamilton County Court of Common Pleas against the district and Ashbrock, asserting retaliation claims for filing (1) her previous discrimination suit and (2) the workers' compensation claim. The district and Ashbrock filed a motion for summary judgment. Ashbrock argued that, as a district employee, he was immune from Zumwalde's claim pursuant to R.C. 2744.03(A)(6) and that there was no evidence that he had acted with a malicious purpose, in bad faith, or in a wanton or reckless manner so that he would lose his immunity. The trial court, in denying Ashbrock's motion, held that a genuine issue of material fact existed as to whether Ashbrock had acted maliciously, in bad faith, or in a wanton or reckless manner.

{¶ 8} Ashbrock appealed the decision to the First District Court of Appeals. In affirming the denial of immunity, the First District analyzed the issue pursuant to R.C. 2744.09(B). The First District held that R.C. 2744.09(B) removes immunity from political-subdivision employees in civil actions filed against them by another employee of the political subdivision in regard to any matter arising out of the employment relationship between the employee filing the suit and the political subdivision.

{¶ 9} We accepted Ashbrock's appeal under our discretionary jurisdiction for review of a single proposition of law: "R.C. §2744.09(B) applies only to claims by an employee against a 'public subdivision' for 'claims arising out of the employment relationship.'" 125 Ohio St.3d 1413, 2010-Ohio-1893, 925 N.E.2d 1001.

## Relevant Statute

{¶ 10} R.C. Chapter 2744, the political-subdivision tort-immunity law, was enacted in 1985 and addresses when political subdivisions, their departments

and agencies, and their employees are immune from liability for their actions. Exceptions to immunity are contained in R.C. Chapter 2744.

{¶ 11} R.C. 2744.09 provides:

{¶ 12} "This chapter does not apply to, and shall not be construed to apply to, the following:

{¶ 13} "(A) Civil actions that seek to recover damages from a political subdivision or any of its employees for contractual liability;

{¶ 14} "(B) Civil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision;

{¶ 15} "* * *

{¶ 16} "(E) Civil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions."

**Analysis**

{¶ 17} Ashbrock argues that the First District erred in its application of R.C. 2744.09(B) to the circumstances of this case. He asserts that by the plain language of R.C. 2744.09(B), the removal of immunity is limited to claims asserted against the political subdivision and does not extend to removal of immunity held by a fellow employee of the political subdivision.

{¶ 18} Ashbrock maintains that in order for the subsection to apply to a claim against a fellow employee, the words "or any employees of the political subdivision" would have to be added to the end of Subsection (B).

{¶ 19} Further, Ashbrock maintains that R.C. 2744.09(A) supports his position that this language should not be read into Subsection (B). This is because R.C. 2744.09(A) contains the phrase "or any of its employees." Ashbrock contends that because the General Assembly specifically included the

phrase "or any of its employees" in Subsection (A) for the purpose of allowing claims not only against the political subdivision but also against the employees of the subdivision, the General Assembly, if it meant to remove immunity from political-subdivision employees in Subsection (B), would necessarily have used the phrase "or any of its employees," which it did include in Subsection (A).

{¶ 20} In response, Zumwalde contends that the plain language of R.C. 2744.09(B) precludes both political subdivisions and their employees from asserting immunity in cases arising out the employment relationship. Zumwalde relies on the use of the term "civil actions" in the statute for her argument. She maintains that application of the ordinary meaning of the term "civil actions" to R.C. 2744.09(B) demonstrates that the General Assembly intended to remove the entire "suit" or "proceeding" from the purview of R.C. Chapter 2744 immunity and not merely those claims alleged against a political subdivision.

{¶ 21} Zumwalde further asserts that examining R.C. 2744.09 as a whole illustrates that the General Assembly purposefully chose to remove entire "civil actions" arising out of the employment relationship from the ambit of R.C. Chapter 2744. She compares the use of "[c]ivil actions" in R.C. 2744.09(B) with the use of "[c]ivil claims" in R.C. 2744.09(E) to foreclose the possibility that the General Assembly intended to limit the operation of Subsection (B) to claims against a political subdivision. If the legislature intended R.C. 2744.09(B) to remove immunity only as to claims raised by an employee against the employee's political subdivision, Zumwalde argues, it would have made its intention clear by using the word "claims" as it did in R.C. 2744.09(E). Zumwalde contends that adopting Ashbrock's interpretation requires the court to substitute the word "claim" for "action," which oversteps the judiciary's duty to apply the law as enacted by the legislature.

{¶ 22} This court concisely stated a well-settled rule of statutory interpretation in *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574,

paragraph two of the syllabus: "[T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

{¶ 23} The court further expounded upon this rule in *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105-106, 65 O.O.2d 296, 304 N.E.2d 378: "It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly." (Citation omitted.)

{¶ 24} The language of R.C. 2744.09(B) is clear and unambiguous on its face and requires no interpretation. Subsection (B) clearly states that immunity is removed only with respect to political subdivisions. Had the General Assembly intended also to remove immunity from the employees of political subdivisions, it could have easily done so by including the word "employee" in R.C. 2744.09(B), as it did in R.C. 2744.09(A). To find otherwise would require this court to insert "employee" into Subsection (B). But "[a] court should give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute." *State v. Taniguchi* (1995), 74 Ohio St.3d 154. 156, 656 N.E.2d 1286.

{¶ 25} Additionally, Zumwalde's argument that the use of "civil actions" instead of "civil claims" signifies the legislature's intent to remove immunity for employees of political subdivisions is without merit. R.C. 2744.09(A) employs the term "civil actions" but, as discussed above, specifically states that immunity

6

is removed as to any of the political subdivision's employees. If the General Assembly had intended "civil actions" to remove immunity for political-subdivision employees, following Zumwalde's logic, there would be no need to refer to "a political subdivision and any of its employees" in Subsection (A).

{¶ 26} Finally, Zumwalde maintains that public-policy considerations weigh in favor of denying immunity to political-subdivision employees named as defendants in a civil action arising out of the employment relationship. However, our conclusion that R.C. 2744.09(B) is unambiguous prevents us from entertaining Zumwalde's public-policy arguments. *Lancaster v. Fairfield Cty. Budget Comm.* (1998), 83 Ohio St.3d 242, 245, 699 N.E.2d 473.

### Conclusion

{¶ 27} In a civil action brought by an employee of a political subdivision against another employee of the political subdivision arising out of the employment relationship, R.C. 2744.09(B) removes immunity only as to the political subdivision and does not affect the statutory immunity of the fellow employee.

{¶ 28} Accordingly, we reverse the judgment of the court of appeals holding that Ashbrock was not entitled to immunity pursuant to R.C. 2744.09(B). This cause is remanded to the court of appeals for further proceedings consistent with our decision herein.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

_____

Law Office of Marc Mezibov, Marc D. Mezibov, and Susan M. Lawrence, for appellee.

Rendigs, Fry, Kiely & Dennis, L.L.P., Wilson G. Weisenfelder Jr., and Laura I. Hillerich, for appellant.

White & Fish, L.P.A., Inc. and Arnold S. White, urging affirmance for amicus curiae Ohio Association for Justice.

Fortney & Klingshirn and Neil Klingshirn; and the Gittes Law Group and Frederick M. Gittes, urging affirmance for amicus curiae Ohio Employment Lawyers' Association.

Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, urging reversal for amici curiae Ohio Municipal League, Ohio Township Association, and Ohio Fire Chiefs' Association.

_____