French, J.,
dissenting.
{¶ 29} I respectfully dissent from the judgment affirming the interim order of the Board of Tax Appeals (“BTA”), which denied the Columbus City Schools Board of Education’s motion to return this case from the BTA’s small-claims docket to its regular docket. In my view, R.C. 5703.021(D) unambiguously requires the BTA to grant the school board’s motion. I would therefore reverse the interim order and remand this case for further proceedings on the BTA’s regular docket.
{¶ 30} The question here is whether the school board is “a party that is a taxpayer” under R.C. 5703.021(D), which requires the BTA to reassign an appeal initially assigned to the small-claims docket to the BTA’s regular docket “upon the request of a party that is a taxpayer.” If the school board is “a party that is a taxpayer,” the BTA was obligated to return this appeal to its regular docket.
{¶ 31} Property owner Megaland GP, L.L.C., appealed to the BTA after the Franklin County Board of Revision dismissed Megaland’s valuation complaint. Upon Megaland’s request, the BTA assigned the appeal to its small-claims docket pursuant to R.C. 5703.021(C). The school board, a countercomplainant, filed a motion to return the appeal to the BTA’s regular docket, arguing that the appeal did not qualify for the small-claims docket and that regardless, it had a right as a party-taxpayer to demand that the case be returned to the regular docket pursuant to R.C. 5703.021(D). Without addressing the school board’s status as a party-taxpayer, the BTA denied the school board’s motion upon its determination that the appeal met the statutory requirements for the small-claims docket. BTA No. 2014-3677, 2014 Ohio Tax LEXIS 4753 (Oct. 16, 2014). The lead opinion affirms that decision based on its conclusion that the school board is not “a party that is a taxpayer” under R.C. 5703.021(D).
{¶ 32} “The primary rule in statutory construction is to give effect to the legislature’s intention.” Cline v. Ohio Bur. of Motor Vehicles, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991). To discern legislative intent, we consider the statutory language, reading all words and phrases in context and in accordance with rules of grammar and common usage. State ex rel. Steele v. Morrissey, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21; R.C. 1.42. When statutory language is unambiguous, we apply it as written, without resort to additional rules of statutory interpretation or considerations of public policy. Zumwalde v. Madeira & Indian Hill Joint Fire Dist., 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23-24, 26.
*91 {¶ 33} The statutory language in R.C. 5703.021(D) is unambiguous and requires no further interpretation. Written in broad terms, R.C. 5703.021(D) requires the BTA to reassign an appeal to the regular docket upon request by “a party that is a taxpayer.” The school board became a party to this action upon the filing of its countercomplaint. R.C. 5715.19(B). And as the lead opinion acknowledges, the school board is a taxpayer that owns real property in Franklin County. Nothing more is required. I therefore agree with the school board’s claims that it is “a party that is a taxpayer” under R.C. 5703.021(D) and that it therefore had a right to demand that the case be returned to the BTA’s regular docket.
{¶ 34} Without expressly finding ambiguity in the statutory language, the lead opinion impermissibly restricts that language by holding that “ ‘a party that is a taxpayer’ under R.C. 5703.021(D) means one whose standing as a party to the case before the BTA is predicated on the ownership of taxable property in the county under R.C. 5715.19(A)(1).” (Emphasis added.) Lead opinion at ¶ 22. Under R.C. 5715.19(A)(1), those who may file a valuation complaint include “[a]ny person owning taxable real property in the county,” whether or not the owner of the subject property, and “the board of education of any school district with any territory in the county.” Under R.C. 5715.19(B), those who may then file a countercomplaint include the owner of the subject property and a school board.
{¶ 35} While acknowledging that a board of education qualifies as “a party that is a taxpayer” when it files a valuation complaint in its capacity as a property owner, the lead opinion suggests that the General Assembly intended to distinguish a party who has filed a valuation complaint by virtue of its ownership of taxable property from a school board whose standing arises under R.C. 5715.19(B) simply from its status as a board of education, as is the case here. But nothing in R.C. 5703.021(D) suggests the need to consider the source of a party’s standing. Had the General Assembly intended the right in R.C. 5703.021(D) to extend only to taxpayers who file complaints pursuant to R.C. 5715.19(A)(1) based on their ownership of taxable property, it could easily have said so in R.C. 5703.021(D). The General Assembly did not, however, incorporate into the statutory language the distinction that the lead opinion draws. Whether the school board’s right to participate in this action is premised upon its status as a taxpayer or upon its status as a school board is irrelevant under R.C. 5703.021(D) when the school board is a taxpayer in the county.
{¶ 36} Because the plain statutory language of R.C. 5703.021(D) does not support the limitation the lead opinion grafts onto it, I respectfully dissent and would reverse the BTA’s interim order and remand this matter to the BTA for further proceedings on its regular docket.
Lanzinger and Kennedy, JJ., concur in the foregoing opinion.
*92 Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellant.