[Cite as *Stachura v. Toledo*, 2017-Ohio-8772.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Captain Carla Stachura, et al. | Court of Appeals Nos.  L-16-1310 |
| | L-16-1315 |
| Appellees | L-16-1316 |
| v. | Trial Court No. CI0201503463 |
| City of Toledo, et al. | |
| Defendant | |
| [Robert Metzger—Appellant] | **DECISION AND JUDGMENT** |
| [Michael Bell—Appellant] | |
| [John Coleman—Appellant] | Decided:  December 1, 2017 |

* * * * *

Terry J. Lodge, for appellees.

Adam Loukx, Law Director, and Merritt W. Green III,
Senior Attorney, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from a December 5, 2016 judgment of the

Lucas County Court of Common Pleas, which denied appellants' motion for partial

summary judgment centered upon the issue of appellants' claim of sovereign immunity eligibility. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} The city of Toledo, Michael Bell, John Coleman, and Robert Metzger ("appellants") set forth the following two assignments of error:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS BY DENYING IMMUNITY AFFORDED TO THEM PURSUANT TO R.C. §2744.03(A)(6).

2. THE TRIAL COURT ERRED BY ALLOWING PLAINTIFFS/APPELLEES TO ARGUE THE EXECEPTIONS TO GOVERNMENTAL EMPLOYEE IMMUNITY DISPITE [SIC] THEIR FAILURE TO ALLEGE ANY OF THE EXCEPTIONS UNDER R.C. §2744.03(A)(6) IN THEIR RE-FILED COMPLAINT.

{¶ 3} The following undisputed facts are relevant to this appeal. All appellees formerly served as employees working in varying capacities in the Toledo Fire Department ("TFD"). All appellees are female. All appellants were employed in supervisory roles in TFD during the time period in question. All appellants are male.

{¶ 4} During the course of their employment with TFD, all of the appellees experienced various instances of claimed unlawful gender discrimination committed against them.

2.

**{¶ 5}** On November 21, 2005, appellees first filed a complaint in the Lucas County Court of Common Pleas setting forth claims of gender based employment maltreatment. The complaint enumerated multiple claims against appellants of alleged acts of unlawful gender discrimination against appellees. On October 10, 2007, the trial court granted summary judgment to appellants. On July 20, 2008, this court reversed and remanded the case back to the trial court.

**{¶ 6}** On September 12, 2008, appellees amended their complaint to add former TFD chief, Michael Wolever, as an additional named defendant. It also added a claim of retaliation to the complaint. On November 2, 2011, appellants again filed a motion for summary judgment primarily premised upon their claimed eligibility for immunity from potential liability pursuant to the doctrine of sovereign immunity. On February 23, 2012, the trial court denied the motion for summary judgment. On June 7, 2013, this court affirmed the holding of the trial court.

**{¶ 7}** On July 24, 2015, appellees refiled their complaint adding another TFD employee, John Coleman, as an additional named defendant. On July 29, 2016, appellants filed a partial motion for summary judgment, again seeking summary judgment dismissal based upon claimed entitlement to immunity from liability pursuant to the doctrine of sovereign immunity given their capacity as government employees. On September 21, 2016, appellees filed their briefs in opposition.

**{¶ 8}** On December 5, 2016, the trial court again denied appellants' partial motion for summary judgment. The trial court determined that there remained a genuine issue of

3.

material fact in dispute regarding whether appellants acted with malice, in bad faith, or recklessly, so that the conduct would be considered outside the scope of their employment and preclude immunity given the statutory exceptions to sovereign immunity.

{¶ 9} In addition, the court held that the lack of "magic words" from the R.C. 2744.03(A)(6) exceptions in appellees' complaint did not, as wrongly suggested by appellants, mandate the granting of summary judgment to appellants. On December 27, 2016, this appeal ensued.

{¶ 10} Both assignments of error stem from the common legal premise that the trial court erred in denying appellants' partial summary judgment motion. As such, they will be considered simultaneously.

{¶ 11} We note that appellate court review of disputed summary judgment rulings is conducted on a de novo basis. This court utilizes the same summary judgment standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is only proper when:

> (1) no genuine issue as to material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

4.

*State ex rel. Parsons v. Flemings*, 68 Ohio St.3d 509, 1994 Ohio 172, 628 N.E.2d 1377 (1994). *See also* Civ.R. 56(C).

{¶ 12} The record reflects that appellees have consistently set forth multiple claims of gender discrimination against appellants in connection to their employment at TFD. The record further reflects that various forms of competing evidence have been submitted during the lengthy history of this case.

{¶ 13} Throughout the course of this matter, appellants have consistently claimed that they should be granted summary judgment prefaced on their position of being entitled, without exception, to sovereign immunity protection from the claims pending against them. We do not concur.

{¶ 14} Appellants' position stems from a mistaken interpretation of *Zumwalde v. Madeira*, 128 Ohio St.3d 492, 946 N.E.2d 748, 2011-Ohio-1603, 946 N.E.2d 748, as applied to the instant case. Appellants sweepingly suggest that *Zumwalde* stands for the proposition that employees of a political subdivision, such as the city of Toledo, are entitled to immunity from retaliation and gender discrimination claims automatically, essentially as a matter of law, without limitation or exception. Relevant statutes and precedent do not bear out this position.

{¶ 15} Despite the holding of *Zumwalde*, although individual employees may still invoke immunity, the invoking employees are still subject to the potential applicability of the statutory sovereign immunity exceptions set forth in R.C. 2744. As such, as previously held by this court, "[P]otential liability can still be found against individual

5.

employees should the evidence establish a statutory exception." *Stachura v. City of Toledo*, 6th Dist. Lucas No. L-12-1068, 2013-Ohio-2365, ¶ 13.

{¶ 16} The record reflects that the trial court did not err in holding that immunity is not automatically granted to individual employees of a political subdivision when the claims are based on gender discrimination and retaliation. The record reflects that there are remaining genuine issues of material fact that a jury must decide in this case regarding whether appellants acted with malice, in bad faith, or so recklessly in their employment treatment of appellees that their conduct would fall within the immunity exceptions established by R.C. 2744.03(A)(6)(b).

{¶ 17} As stated by the trial court in its December 5, 2016 summary judgment ruling, "[W]hether an employee acted manifestly outside the scope of his employment, and whether the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner are generally questions of fact." The court further stated that "If reasonable minds could differ on these issues, then a court may not grant the employee summary judgment based upon statutory immunity." Citing *Long v. Hanging Rock*, 4th Dist. No. 09CA30, 2011-Ohio-5137, ¶ 17.

{¶ 18} Finally, we do not concur with appellants' assertion that appellees' pleading was fatally vague and imprecise in connection with the immunity exceptions listed in R.C. 2744.03(A)(6). The trial court properly concurred with our holding at ¶ 14 in *Stachura*, finding that this court was "[N]ot persuaded that appellees' specificity of pleading in their amended complaint was too imprecise with respect to the immunity

6.

exceptions of R.C. 2744.03(A)(6) such that immunity automatically attaches to the individual appellants."

{¶ 19} Wherefore, we find appellants' assignments of error not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Mark L. Pietrykowski, J. | _____ |
| | JUDGE |
| Arlene Singer, J. | |
| | _____ |
| Thomas J. Osowik, J. | JUDGE |
| CONCUR. | |
| | _____ |
| | JUDGE |