[Cite as *In re Carpenter*, 2024-Ohio-810.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| IN RE: GAELLA O. CARPENTER | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2023 CA 00067 |
| | : | |
| | : | |
| | : | |
| | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Probate Division, Case No.
                                246341


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         March 6, 2024


APPEARANCES:

For Appellant- Gaella O. Carpenter

ARNOLD F. GLANTZ
3722 Whipple Avenue N.W.
Canton, OH  44718

*Gwin, J.,*

{¶1} Appellant appeals the judgment of the Stark County Court of Common Pleas, Probate Division, denying her application for correction of the birth record pursuant to R.C. 3705.15.

*Facts & Procedural History*

{¶2} Appellant Gaella Carpenter was born in Stark County in 1995. The birth certificate identified appellant as Kofi-Malcolm Atticus Collins-Sibley, and the sex marker on the birth certificate was checked as male.

{¶3} In 2022, appellant filed an application in the Stark County Court of Common Pleas, Probate Division, for a name change from Kofi-Malcom Atticus Collins-Sibley to Gaella Olivia Carpenter. The trial court granted the name change application.

{¶4} On June 8, 2023, appellant filed an application for correction of the birth record pursuant to R.C. 3705.15, asking to change the sex marker designation on the birth certificate from male to female. Included with the application was a letter from the primary healthcare provider overseeing appellant's gender affirming care in which the provider advocated for the change of the sex marker designation on appellant's birth certificate.

{¶5} The trial court issued a judgment entry on June 8, 2023, denying appellant's application. The trial court concluded it lacked the authority under R.C. 3705.15 to order the requested change to the sex marker on appellant's birth certificate.

{¶6} Appellant appeals the June 8, 2023 judgment entry of the Stark County Court of Common Pleas, Probate Division, and assigns the following as error:

{¶7} "I. THE COURT ERRED IN FINDING IT LACKED AUTHORITY UNDER R.C. 3705.15 TO GRANT APPELLANT'S APPLICATION TO CHANGE THE SEX MARKER ON HER BIRTH CERTIFICATE."

*Standard of Review*

{¶8} Generally, an appellate court reviews the denial of an application pursuant to R.C. 3705.15 for an abuse of discretion. *In re Application for Correction of Birth Record of Lopez*, 5th Dist. Tuscarawas No. 2004-AP-06-0046, 2004-Ohio-7305. However, appellant challenges the trial court's refusal to grant her relief on the grounds that it lacked the authority to act based on the language of the statute. This challenge presents a question of law that we review de novo. *State v. Jeffries*, 160 Ohio St.3d 300, 2020-Ohio-1539, 156 N.E.3d 859 ("the meaning of statutory language is a question of law, which we review de novo").

I.

{¶9} In her assignment of error, appellant argues the plain language of R.C. 3705.15 gives the probate court the authority to grant the petition because the statute is not limited to the "correction" of an error, and the statute is not limited to inaccuracies noted at the time of recordation.

{¶10} There are several statutes specifically dealing with birth certificates in Ohio. R.C. 3705.02 states the Ohio Director of Health, "shall have charge of the system of vital statistics, enforce sections 3705.01 to 3705.29 of the Revised Code, and prepare and issue instructions necessary to secure the uniform observance of such sections." The director also "shall adopt rules as necessary to insure that [Ohio] [has] a complete and accurate registration of vital statistics." R.C. 3705.02.

{¶11}  R.C. 3705.09(A) provides that "a birth certificate for each live birth in [Ohio] shall be filed in the registration district in which it occurs within ten days after such birth and shall be registered if it has been completed and filed in accordance with [R.C. 3705.09]."  R.C. 3705.09 does not specify the information that must be recorded on a birth certificate.  Instead, R.C. 3705.08(A) provides, "the director of health, by rule, shall prescribe the forms of records and certificates required by this chapter.  Records and certificates shall include the items and information prescribed by the director, including the items recommended by the National Center for Health Statistics of the United States, Department of Health and Human Services, subject to approval of and modification by the director."  Pursuant to R.C. 3705.08(A), the Director of the Ohio Department of Health ("ODH"), has issued an administrative rule prescribing a standard form for a "certificate of live birth."  See Ohio Adm. Code 3701-5-02(A)(1).  The information to be recorded for a child consists of the "child's name," "time of birth," "sex," "date of birth," "facility name," "city, town, or location of birth," and "county of birth."

{¶12}  R.C. 3705.15(A) is entitled "correction of birth record," and provides as follows:

> Whoever claims to have been born in this state, and whose registration of birth is not recorded, or has been lost or destroyed, or has not been properly and accurately recorded, may file an application for registration of birth or correction of the birth record in the probate court of the county of the person's birth or residence or the county in which the person's mother resided at the time of the person's birth.  If the person is a minor the application shall be signed by either parent or the person's guardian.

(A) An application to correct a birth record shall set forth all of the available facts required on a birth record and the reasons for making the application, and shall be verified by the applicant. Upon the filing of the application the court may fix a date for a hearing, which shall not be less than seven days after the filing date * * * [t]he application shall be supported by the affidavit of the physician or certified nurse-midwife in attendance. If an affidavit is not available, the application shall be supported by the affidavits of at least two persons having knowledge of the facts stated in the application, by documentary evidence, or by other evidence the court deems sufficient. The probate judge, if satisfied that the facts are as stated, shall make an order correcting the birth record, except that in the case of an application to correct the date of birth, the judge shall make the order only if any date shown as the date the attending physician or certified nurse-midwife signed the birth record or the date the local registrar filed the record is consistent with the corrected date of birth * * *.

{¶13} This Court's "paramount concern in examining a statute is the legislature's intent in enacting the statute." *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, 179 N.E.3d 1169. In order "to discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Id.* Additionally, "we give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Columbia Gas Trans. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400. When the statutory language is plain and

unambiguous, this Court must "apply it as written without resorting to the rules of statutory interpretation or considerations of public policy." *Zumwalde v. Maderia & Indian Hill Joint First Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748.

{¶14} This Court must give effect to the words the General Assembly has chosen, and cannot add to the statutory language. We must also read all of the words and phrases in context, and in accordance with the rules of grammar and common usage. The statute specifically limits these types of corrections to those situations in which the birth certificate has not been "properly and accurately recorded." We find this phrase is not ambiguous. We find the plain language of R.C. 3705.15 limits a correction of the birth record pursuant to this statute to a correction that accurately reflects the circumstances existing at the time of birth. This is a snapshot of one particular point in time. The "properly and accurately recorded" language relates to the original filing of the birth record, and whether it was "properly and accurately" recorded at that time. If this Court were to read R.C. 3705.15 broadly to allow for the alteration of a birth certificate to reflect circumstances existing at some point later in life, we would be improperly adding to the statutory language contained in R.C. 3705.15. R.C. 3705.15 differs from other statutes that permit alterations of birth records to reflect later-in-life changes, such as name changes or adoptions. *In the Matter of B.C.A.*, 11th Dist. Lake No. 2022-L-101, 2023-Ohio-2931.

{¶15} Appellate courts in Ohio that have addressed this issue have held that R.C. 3705.15 does not authorize probate courts to order ODH to change the sex marker on a birth record. *In the Matter of B.C.A.*, 11th Dist. Lake No. 2022-L-101, 2023-Ohio-2931; *In re Application for Correction of Birth Record of Adelaide*, 2nd Dist. Clark No. 2022-CA-1, 2022-Ohio-2053.

{¶16} The Ohio Supreme Court accepted *In re Application for Correction of Birth Record of Adelaide* for review to determine whether the plain language of R.C. 3705.15 authorizes the probate court to hear a transgender person's application to correct the sex-marker on their birth certificate. 168 Ohio St.3d 1405, 2022-Ohio-3546, 195 N.E.3d 1044. Thus, the issue in this appeal is currently before the Supreme Court of Ohio. The Supreme Court heard oral arguments on the *Adelaide* case in April of 2023. To date, the Supreme Court has not yet issued a decision.

{¶17} In *Ray v. McCloud* ("*Ray II*"), the federal district court in the Southern District of Ohio held that ODH's blanket policy not to permit changes to the sex marker on Ohio birth certificates when the basis for that change was that the person was transgender violates the 14th Amendment to the U.S. Constitution. 507 F.Supp.3d 925 (S.D. Ohio 2020). To the extent that appellant relies on the federal *Ray II* case in support of her argument, we find the issue of the constitutionality of the plain language of R.C. 3705.15 was not at issue before the probate court in this case, and is thus not an issue before this Court on appeal. Additionally, the federal court in *Ray II* did not find R.C. 3705.15 unconstitutional. The court in *Ray II* only analyzed the blanket policy issued by ODH. The court stated, "all this Court is finding is that a blanket proposition against transgender people changing their sex marker is unconstitutional." *Id.*

{¶18} Appellant advances numerous policy considerations in support of her argument. However, this Court's review, and the review of the judicial branch as a whole, is very limited, and is constrained by strict rules regarding statutory interpretation. The statute in this case is clear and unambiguous; thus, we cannot take any persuasive policy

reasons into consideration. *Zumwalde v. Maderia & Indian Hill Joint First Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748.

{¶19} Further, states permitting applicants to change the sex marker on a birth certificate have either: (1) a statute or provision enacted by the legislature that specifically deals with this issue or (2) an administrative procedure established by the executive branch, such as through a Health and Safety regulation or a rule in the administrative code. *See, e.g.*, AL Code Section 22-9A-19(d) ("upon receipt of a certified copy of an order of a court * * * indicating that the sex of an individual born in this state has been changed by surgical procedure and that the name of the individual has been changed, the certificate of birth of the individual shall be amended"); AR Code Section 20-18-307(d) ("upon receipt of a certified copy of an order of a court * * * indicating the sex of an individual born in this state has been changed by surgical procedure * * * the certificate of birth of the individual shall be amended accordingly); AZ Code Section 36-337(A)(3) (state registrar shall amend birth certificate for a person who has undergone a sex change operation with a written request for an amended birth certificate and a written statement by a physician verifying the sex change); California Health & Safety Code § 103426(a) (state registrar "shall issue a new birth certificate reflecting a change of gender and sex identifier to female, male, or nonbinary without a court order * * *"); Code of Colorado Regulations Section 5.5 ("Amendment of the Sex Designation"); CT Gen. Stat. § 19a-42(i) ("commissioner shall issue a new birth certificate to reflect a gender change upon receipt of" written request of applicant and notarized affidavit by physician); 16 Del. Admin. Code § 4205-10.0 (requires affidavit requesting new certificate of birth with a sex that differs from the sex listed on the original certificate of birth and affidavit signed by

licensed medical or mental health professional); GA Code § 31-10-23 ("upon receipt of a certified copy of a court order indicating the sex of an individual born in this state has been changed by surgical procedure and that such individual's name has been changed, the certificate of birth of such individual shall be amended"); Haw. Rev. Stat. Ann. § 338-17.7(a)(4)(B) (establish new certificates of birth upon affidavit from physician that registrant had appropriate clinical treatment for gender transition); 410 ILCS 535 (State Registrar shall establish new birth certificate when receives "statement signed by person in which the person attests to making the request for the purpose of affirming the person's gender identity"); IA Code § 144.23 (state registrar shall establish new certificate of birth with "a notarized affidavit by a licensed physician stating that by reason of surgery or other treatment, the sex designation of the person has been changed"); KRS § 213.121 ("upon receipt of a sworn statement by a licensed physician indicating that the gender of an individual has been changed by surgical procedure * * * the certificate of birth shall be amended); LA Rev. Stat. § 40:62 (state registrar shall establish a new certificate of birth when it receives "an application for gender marker change"); ME Title 22 § 2765 ("new certificate of birth following gender marker change"); Maryland Department of Health and Mental Hygiene policy ("an individual born in Maryland whose sex has been changed may apply for a certificate of live birth that reflects a change in sex designation"); Mass. General Laws Ch. 46, § 13-E (if person has completed medical intervention for permanent sex reassignment, birth record shall be amended); Mich. Comp. Laws § 333.2831(c) (registrar shall establish new birth record to show sex designation other than designated at birth); Mississippi Department of Health Rule 3.21.2 ("sex reassignment shall be added to the birth certificate * * * upon receipt of a certified court order and medical statement);

Mo. Rev. Stat. § 193.215-9 (new birth certificate upon receipt of court order indicating sex of individual has been changed); NE Code § 71-604.01 (new birth certificate upon notarized affidavit from physician that performed sex reassignment surgery); NAC 440.030 (alteration or correction of birth certificate includes alteration of gender or sex); NH Rev. Stat. § 5-C:87 (change with court order stating individual had sex change); NJ Rev. Stat. § 26:8-40.12 ("gender reassignment surgery; amendment of birth certificate"); N.M. Stat. § 24-14-25 (changed upon receipt of statement indicating gender identity); NY Department of Health (file new birth certificate with corrected gender); N.C. § 130A-118 (new birth certificate upon receipt of written request by individual to "change the sex on that individual's birth record because of sex reassignment surgery"); North Dakota Administrative Code 33-04-12 (amendments as a result of gender identity change); Oregon HB2673 and administrative rule (sex designation change on birth certificate); 216-RICR-10-10-1.37 (corrections of sex on birth certificate); UT Code § 26-2-11 ("name or sex change – registration of court order and amendment of birth certificate"); 18 V.S.A. § 5112 (issuance of new birth certificate; change of sex); 12 Virginia Admin. Code 5-550-320 (new certificate of birth for person whose sex has been changed); Washington Admin. Code 246-490-075 (changing sex designation on a birth certificate); Wisconsin S.A. § 69.15(4) (change sex of registrant on certificate due to surgical sex-change procedure).

{¶20} Some states issue an amended birth certificate with the notation of the original gender marker and changed gender marker, while some states issue a new birth certificate. *Id.* Unlike in states permitting applicants to change the sex marker on a birth certificate, in Ohio, there is no statute or provision enacted by the legislature that

specifically deals with the issue of amending or changing the sex marker on a birth certificate.

{¶21} Similarly, in Ohio, there is no administrative procedure specifically established by the executive branch, such as a rule in the administrative code or a health and safety regulation. The ODH, through its Office of Vital Statistics, is responsible for issuing the corrected birth certificates in Ohio and adopting rules as necessary to enforce the provisions of the Revised Code. R.C. 3705.02; *Ray v. Himes*, S.D. Ohio No. 2:18-cv-272, 2019 WL 11791719 (Sept. 12, 2019).

{¶22} While ODH states on their website that they no longer have a rule or policy categorically denying all transgender birth certificate changes in accordance with the federal court's ruling in *Ray II*, ODH has not adopted or promulgated a specific rule or regulation with regards to changing the sex marker on a birth certificate pursuant to the power delegated to it by the General Assembly in R.C. 3705.02. See also R.C. 3705.22 (request for amendment of birth certificate for error correction may be filed with ODH as an administrative remedy). Appellant does not challenge ODH's actions in this case, and any such challenge would have to be done in a case in which ODH and the ODH Director are parties, which they are not in this case.

{¶23} Based on the foregoing, we find the plain language of R.C. 3705.15 does not compel the probate court to grant an application to change a sex marker on a birth certificate. Appellant's assignment of error is overruled.

{¶24} The June 8, 2023 judgment entry of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Wise, J., concur