[Cite as *Smith v. State*, 2024-Ohio-1195.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| NANCY SMITH, et al. | | C.A. No. 22CA011915 |
|---|---|---|
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE OF OHIO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 22CV205613 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

CARR, Judge.

{¶1} The Ohio Attorney General appeals orders of the Lorain County Court of Common Pleas that concluded the State of Ohio is represented by the Lorain County Prosecutor's Office in this action. This Court reverses.

I.

{¶2} In the 1990's Nancy Smith and Joseph Allen were convicted of sexually abusing young children enrolled in a Lorain County Head Start program. Smith was convicted of two counts of gross sexual imposition, one count of rape, one count of attempted rape, and two counts of complicity to rape. Allen was convicted of four counts of rape, three counts of felonious sexual penetration, and one count of gross sexual imposition. Allen spent over 20 years in prison and Smith spent almost 15 years in prison.

{¶3} In February 2022, Smith's and Allen's motions for a new trial were granted, and the Prosecutor's Office dismissed the charges against them. Subsequently, Smith and Allen filed

complaints to be declared wrongfully imprisoned individuals under R.C. 2743.48; the cases were ultimately consolidated. The Prosecutor's Office answered, admitting all of the allegations in the complaints, and prayed that the trial court declare Smith and Allen to be wrongfully imprisoned individuals. The Prosecutor's Office and counsel for Smith and Allen also filed joint stipulations and a joint motion seeking declarations that Smith and Allen were wrongfully imprisoned individuals.

{¶4} After the Prosecutor's Office answered, the Attorney General entered a notice of appearance on behalf of the State and also filed an answer contesting the petitions. The Attorney General objected to the stipulations and joint motion, arguing that under R.C. 2743.48(B), it was the sole entity authorized to represent the State. On the same basis, the Attorney General moved the trial court to strike the answers filed by the Prosecutor's Office. After the Attorney General propounded discovery requests upon the petitioners, they moved to strike the requests.

{¶5} On October 6, 2022, the trial court denied the Attorney General's motion to strike the answers. In doing so, the trial court noted that "the primary dispute arises over the entity that is to represent the [S]tate in this matter." Six days later, the trial court also granted Smith's and Allen's motion to strike the Attorney General's discovery requests and denied the Attorney General's motion to compel based on its conclusion that the Prosecutor's Office was the appropriate entity to represent the State. The Attorney General appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE OHIO ATTORNEY GENERAL'S OFFICE IS THE REAL PARTY IN INTEREST IN WRONGFUL IMPRISONMENT CASES, PURSUANT TO R.C. [] 2743.48, BECAUSE IT IS THE STATE OF OHIO THAT BEARS THE RISK OF LOSS AND THE ULTIMATE FINANCIAL BURDEN FOR A

DECLARATION THAT A PERSON IS/WAS A WRONGFULLY IMPRISONED INDIVIDUAL.

{¶6} Although framed in terms of whether the Attorney General is the real party in interest, the substance of the Attorney General's assignment of error is that the trial court erred in concluding that the State could be represented by the Prosecutor's Office in this matter. Further, the Attorney General asserts that, because that determination was erroneous, the rulings which flowed from that conclusion were likewise flawed.

{¶7} This Court reviews questions of statutory interpretation de novo. *Elliot v. Durrani*, 171 Ohio St.3d 213, 2022-Ohio-4190, ¶ 8. When interpreting a statute, "a court's objective is to determine and give effect to the legislative intent." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 10. The intent of the legislature, in turn, "is to be sought first of all in the language employed." *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, ¶ 22, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. Consequently, when the text of a statute is unambiguous, our inquiry begins and ends with that text. *Elliott* at ¶ 8, citing *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, ¶ 38.

{¶8} "The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 'to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals.'" *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶ 10, quoting 141 Ohio Laws, Part III, 5351. "Under the statutory scheme, a claimant must be determined to be a 'wrongfully imprisoned individual' by the court of common pleas before being permitted to file for compensation against the state of Ohio in the Court of Claims." *Doss* at ¶ 10.

{¶9} R.C. 2743.48(B)(1) currently provides that:

> A person may file a civil action to be declared a wrongfully imprisoned individual in the court of common pleas in the county where the underlying criminal action was initiated. That civil action shall be separate from the underlying finding of guilt by the court of common pleas. *Upon the filing of a civil action to be determined a wrongfully imprisoned individual, the attorney general shall be served with a copy of the complaint and shall be heard.*

(Emphasis added.)

{¶10} The parties have argued, below and on appeal, over the meaning of the last sentence and what it requires. However, we conclude that a different statute easily answers the question before us. R.C. 2743.14 states that "[t]he attorney general or one of his assistants, or special counsel appointed by the attorney general, shall represent the state in all actions against the state permitted by this chapter." As R.C. 2743.48 falls within Chapter 2743, the plain language of R.C. 2743.14 requires that the attorney general, one of his assistant's or special counsel appointed by the attorney general represent the State of Ohio in an action brought against the State asserting an individual is a wrongly imprisoned individual. *See also Wrenn v. Ohio Dept. of Mental Health & Mental Retardation*, 16 Ohio App.3d 160, 164 (10th Dist.1984) ("Under R.C. 2743.14, the Attorney General is required to represent the state in all actions brought against it."). This view is further supported by language in the Fiscal Note & Local Impact Statement for Am.Sub.H.B. No. 411, the bill that most recently revised R.C. 2743.48. Therein, it states that "[t]he bill is likely to generate additional work for the courts of common pleas, the Ohio Attorney General's Office which represents the state in wrongful imprisonment matters, and the state's Court of Claims which processes the request for monetary damages." Ohio Legislative Service Commission, *Fiscal Note & Local Impact Statement*, available at https://www.legislature.ohio.gov/download?key=11088&format=pdf (accessed March 15, 2024). The document goes on to note that the modifications to the statute "may make more individuals eligible to file an action to be declared a wrongfully imprisoned individual than otherwise are

eligible under current law. Additional actions will mean additional work for the courts of common pleas as well as the Ohio Attorney General's Office which represents the state in such matters." *Id.* Notably, the document does not indicate that local prosecutor's offices will also face an increased burden.

{¶11} Requiring the Attorney General to represent the State in these proceedings makes sense as State dollars are used to compensate wrongfully imprisoned individuals. *See* R.C. 2743.48(B)(4). The amount involved could be substantial given that the current amount such individuals are entitled to receive for each year of imprisonment is over $64,000. *See* Keith Faber, Ohio Auditor of State, letter to the clerk of the Ohio Court of Claims (Jan. 31, 2023), available at https://ohiocourtofclaims.gov/wp-content/uploads/2023/02/2023-2024-Statutory-Amount.pdf (accessed Mar. 18, 2024). Because the Prosecutor's Office's has chosen to enter stipulations with Smith and Allen that they are wrongfully imprisoned individuals, if the Prosecutor's Office is permitted to proceed as the representative of the State in this matter, the State will in fact be liable for what will likely be a multi-million-dollar sum. *See* R.C. 2743.48(B)(4), (E). This is so, because, once in the court of claims,

> the complainant may establish that the claimant is a wrongfully imprisoned individual by submitting to the court of claims a certified copy of the judgment entry of the court of common pleas associated with the claimant's conviction and sentencing, and a certified copy of the entry of the determination of the court of common pleas that the claimant is a wrongfully imprisoned individual under division (B)(2) of this section. No other evidence shall be required of the complainant to establish that the claimant is a wrongfully imprisoned individual, and the claimant shall be irrebuttably presumed to be a wrongfully imprisoned individual.

R.C. 2743.48(E)(1). If the requisite amount of proof is submitted, the claimant is entitled to receive the statutorily authorized sum of money. R.C. 2743.48(E)(2).

6

**{¶12}** Accordingly, this Court concludes that the trial court did err by denying the Attorney General's motion to strike the Prosecutor's answer on behalf of the State because R.C. 2743.14 requires the attorney general to represent the State "in all actions against the state permitted by [Chapter 2743]." R.C. 2743.14. We also determine that the trial court erred in granting the Proseocutor's motion to strike the Attorney General's discovery requests for the same reason; thus, the trial court should consider the Attorney General's motion to compel upon remand.

**{¶13}** The Attorney General's assignment of error is sustained.

III.

**{¶14}** The Attorney General's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

HENSAL, P. J.
DISSENTING.

{¶15} Because the majority's application of Revised Code Section 2743.14 does not account for the language used by the legislature in Section 2743.48, I respectfully dissent.

{¶16} My analysis begins with two well-accepted principles of statutory construction. Because Section 2743.14 predates the enactment of Section 2743.48, the legislature is presumed to have had the existing language of Section 2743.14 in mind. *See State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, ¶ 6. In addition, this Court must "must give effect to every term in a statute and avoid a construction that would render any provision meaningless, inoperative, or superfluous." *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, ¶ 23.

{¶17} Section 2743.14 is set among the statutes that prescribe practice and procedure in the Court of Claims. Under Section 2743.48, however, a two-step procedure is required to establish that a claimant is entitled to compensation as a wrongfully imprisoned individual, and only the second step is a civil action against the state in the Court of Claims. *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, paragraphs one and two of the syllabus. With respect to the first step, which must be litigated in the court of common pleas, "the attorney general shall be served with a copy of the complaint and shall be heard." R.C. 2743.48(B)(1). This language –

which is distinct from the language used in Section 2743.14 – designates the attorney general not as a representative, but as an interested person in the proceedings. *Compare Cicco v. Stockmaster*, 89 Ohio St.3d 95, 99 (2000) (interpreting the same phrase as used in Section 2721.12(A)). The legislature is presumed to have made this designation with knowledge of Section 2743.14.

{¶18} The majority's application of Section 2743.14 does not account for the language used by the legislature to describe the attorney general's role in the first stage of wrongful-imprisonment proceedings in the court of common pleas. For this reason, I respectfully dissent.

APPEARANCES:

DAVE YOST, Attorney General, and JOHN H. BATES, Senior Assistant Attorney General, for Appellant.

MICHELE L. BERRY-GODSEY, Attorney at Law, for Appellee.

RICHARD R. PARSONS, Attorney at Law, for Appellee.

J.D. TOMLINSON, Prosecuting Attorney, for Appellee.