[Cite as *State v. Dobson*, 2024-Ohio-4617.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0019-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAWN DOBSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 19CR0445 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2024

SUTTON, Presiding Judge.

**{¶1}** Plaintiff-Appellant the State of Ohio appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** On May 1, 2019, the Medina County grand jury indicted Mr. Dobson on three counts of nonsupport of dependents from April 1, 2013 through March 31, 2019, in violation of R.C. 2919.21(B), felonies of the fifth degree. Count I of the indictment covered the time period from Apil 1, 2013, through March 31, 2015. Count II of the indictment covered the time period from April 1, 2015, through March 31, 2017. Count III of the indictment covered the time period from April 1, 2017, through March 31, 2019. Mr. Dobson was arraigned in 2024 and pleaded not guilty to these charges.

**{¶3}** Mr. Dobson filed a motion to dismiss the indictment arguing at the time of the indictment, he did not owe a "current duty of child support[,]" and only owed child support arrearages. In his motion, Mr. Dobson argued: (1) the indictment was barred by the six-year statute of limitations in R.C. 2901.13(A)(1) because the alleged criminal conduct between 2013 and 2018 occurred more than six-years prior to Mr. Dobson's arraignment; (2) the February 11, 2019 amendment to R.C. 2919.21(B) applies prospectively and not retroactively; and (3) R.C. 2919.21 indicates when the failure to pay child support does not meet the requisite 26 week time frame, it constitutes a misdemeanor not a felony. The State opposed the motion arguing Mr. Dobson's alleged non-payment of child support is a continuing course of conduct and the indictment was filed before the six-year statute of limitations would have run under R.C. 2901.13(A).[1] The State further argued the February 11, 2019 amendment to R.C. 2919.21(B) applies retroactively.

**{¶4}** The trial court determined the February 11, 2019 amendment to R.C. 2919.21(B) must be applied prospectively, stating:

> If the retroactivity of a statute is not expressly stated in the plain terms, the presumption in favor of prospective application controls. Moreover, the General Assembly is presumed to know that it must include expressly retroactive language to create that effect, and it has done so in the past. It is undisputed that the amended version of R.C. 2919.21 does not expressly mention retroactivity. The General Assembly's failure to include such language means that this version of the statute can be applied only prospectively.

(Internal citations omitted.) After making this determination, the trial court addressed each count in the indictment as follows:

> This [c]ourt finds, based upon the uncontroverted factual assertion of [Mr.] Dobson, that [Mr.] Dobson did not have a current support obligation past July 2, 2014. The indictment spans April 1, 2013, through March 31, 2019. From April 1, 2013 to July 2, 2014, [Mr.] Dobson had a current support obligation that was not arrears only. Therefore, the State of Ohio could prove at trial a felony violation of the

---

[1] Mr. Dobson was incarcerated from July 3, 2012 to May 20, 2014, and his duty to pay current child support terminated in 2014.

statute that criminalized failure to pay current child support orders. Count I of the indictment is not dismissed on that basis for the time period of April 1, 2013, to July 2, 2014, but the remaining time period in Count I is dismissed.

. . .

As Ohio law did not criminalize failure to pay child support arrearages only orders until February 11, 2019, Count II is dismissed in its entirety. Count III of the [i]ndictment is not dismissed on that basis for the time period of February 11, 2019 to March 31, 2019, but the remaining time period in Count III is dismissed.

The trial court further determined the remaining time period in Count III, from February 11, 2019 to March 31, 2019, did not span a total of 26 weeks. Therefore, it constituted a misdemeanor and not a felony. Pursuant to R.C. 2901.13(A)(1)(b), the trial court dismissed this portion of Count III because it is barred by the two-year statute of limitations.

{¶5} The State appealed raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN AMENDING THE TIME PERIOD OF COUNT I AND DISMISSING COUNTS II AND III OF THE INDICTMENT.**

{¶6} In its sole assignment of error, the State argues the trial court erred in amending the time period in Count I of the indictment and dismissing Counts II and III of the indictment. Specifically, the State argues R.C. 2919.21(B)(1)(b) must be applied retroactively to the effective date of the February 11, 2019 amendment to the statute.

{¶7} Pursuant to R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." "We do not address the question of constitutional retroactivity unless and until we determine that the General Assembly expressly made the statute retroactive." *Hyle v. Porter*, 2008-Ohio-542, ¶ 9. "In order to overcome the presumption that a statute applies prospectively, a statute must 'clearly proclaim' its retroactive application." *Id*. at ¶ 10, quoting *State v. Consilio*, 2007-Ohio-4163, paragraph one of the syllabus. "Text that supports

a mere inference of retroactivity is not sufficient to satisfy this standard; we cannot *infer* retroactivity from suggestive language." *Id*. (Emphasis in original.) "We therefore begin our retroactivity analysis with the question of statutory interpretation." *Hyle* at ¶ 10.

{¶8} "Our paramount concern in examining a statute is the legislature's intent in enacting the statute." *Gabbard v. Madison Local School Dist. Bd. of Educ*., 2021-Ohio-2067, ¶ 13. "To discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Id*. "We give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Id*. "When the statutory language is unambiguous, we apply it as written without resorting to rules of statutory interpretation or considerations of public policy." *Id*., citing *Zumwalde v. Madeira & Indian Hill Joint Fire Dist*., 2011-Ohio-1603, ¶ 23-24, 26. "In other words, our review 'starts and stops' with the unambiguous statutory language." *Id*., quoting *Johnson v. Montgomery*, 2017-Ohio-7445, ¶ 15.

{¶9} R.C. 2919.21, as amended on February 11, 2019, states in relevant part:

(B)(1) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:

(a) Is legally obligated to support; or

*(b) Was legally obligated to support, and an amount for support:*

*(i) Was due and owing prior to the date the person's duty to pay current support terminated; and*

*(ii) Remains unpaid.*

(Emphasis added.) The 2019 amendment added section (B)(1)(b) to the statute. Prior to the 2019 amendment, R.C. 2919.21(B) stated, "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally

obligated to support." The General Assembly amended the statute to address the Supreme Court of Ohio's decision in *State v. Pittman*, 2016-Ohio-8314, which held "a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Id*. at ¶ 1.

{¶10} Here, while we acknowledge R.C. 2919.21(B) is written both in the present and past tense regarding a person's child support obligation, the General Assembly did not clearly proclaim the statute retroactive by indicating it applied prior to the effective date of February 11, 2019. Indeed, the General Assembly could have expressly stated the amendment to the statute applies retroactively to the effective date. However, here, while the mere use of the past tense allows a person to be charged for a past due child support arrearage, which was due and owing prior to the date the person's current support terminated and remains unpaid, it does not clearly proclaim the intent for this amendment to be effective prior to February 11, 2019. *See Hyle* at ¶ 16 ("our finding that the General Assembly specifically made R.C. 2950.09 retroactive was based in part on an express provision making the statute applicable to anyone who "was convicted of or pleaded guilty to a sexually oriented offense *prior to the effective date of this section*, if the person was not sentenced for the offense on or after" that date."). (Emphasis added.) As to this matter, the General Assembly remains able to speak in the future if it so chooses.

## III.

{¶11} For the foregoing reasons, the State's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

─────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellant.

SHERONDA D. DOBSON, Attorney at Law, for Appellee.