[Cite as *State v. Hickman*, 2024-Ohio-6065.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 2024CA0010-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRADLEY HICKMAN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 19CR0571 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2024

SUTTON, Presiding Judge.

{¶1} Plaintiff-Appellant the State of Ohio appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} In May 2019, Defendant-Appellee Bradley Hickman was indicted on three counts of nonsupport of dependents in violation of R.C. 2919.21(B), felonies of the fifth degree. The counts alleged Mr. Hickman abandoned or failed to support D.P., who Mr. Hickman was obligated to support by court order or decree. Each of the counts specified that Mr. Hickman failed to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks, whether or not the 26 weeks were consecutive. The first count encompassed the period May 1, 2013 through April 30, 2015; the second count May 1, 2015 through April 30, 2017; and the third count May 1, 2017 through April 30, 2019.

{¶3}    In March 2020, Mr. Hickman filed a motion to dismiss arguing the version of R.C. 2919.21(B) under which he was indicted did not retroactively apply to conduct committed prior to the effective date of the amendment to the statute; February 11, 2019.  Mr. Hickman attached a copy of a judgment entry to his motion to dismiss from the Medina County Domestic Relations Court terminating child support for D.P. effective June 9, 2013, because D.P. had graduated from high school and was emancipated.  Therefore, Mr. Hickman argued, he owed no future child support and the amount owed was only for arrearages.  The trial court denied the motion to dismiss, deciding the issue could not be determined in a motion to dismiss.  Mr. Hickman pleaded no contest to the indictment and was sentenced.  Mr. Hickman appealed and the sentence was stayed pending appeal.  This Court reversed in *State v. Hickman*, 2021-Ohio-1981 (9th Dist.), holding that the issues raised by Mr. Hickman could be determined by way of a motion to dismiss and remanded the matter back to the trial court to resolve the issues set forth in Mr. Hickman's motion to dismiss. *Id.* at ¶ 12.  The State attempted an appeal to the Supreme Court of Ohio, which declined to accept jurisdiction.

{¶4}    On remand, the trial court ordered the parties to file briefs on the issue of the retroactive application of the statute.  In August 2022, the trial court issued a journal entry stating that it would refrain from issuing any order pending a decision in *State v. Swazey*, 2023-Ohio-4627, as a ruling in that case would impact the decision in Mr. Hickman's case.  The Supreme Court of Ohio issued its decision in *Swazey* on December 22, 2023, holding that "Crim.R. 12 permits a court to consider evidence beyond the face of an indictment when ruling on a pretrial motion to dismiss an indictment if the matter is capable of determination without trial of the general issue." *Id.* at ¶ 19, quoting *State v. Brady*, 2008-Ohio-4493, ¶ 3.

{¶5} The trial court then reactivated Mr. Hickman's case and on February 1, 2024, issued its decision granting Mr. Hickman's motion to dismiss in part, stating in relevant part:

> First, the reviewing court must determine as a threshold matter whether the statute is expressly made retroactive. [*State v.*] *Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009. The General Assembly's failure to clearly enunciate retroactivity ends the analysis, and the relevant statute may be applied only prospectively. *Id.*
>
> …
>
> If the retroactivity of a statute is not expressly stated in plain terms, the presumption in favor of prospective application controls. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, citing *Bernier v. Becker*, 37 Ohio St. 72, 74 (1881).
>
> …
>
> It is undisputed that the amended version of R.C. 2919.21 does not expressly mention retroactivity. The General Assembly's failure to include such language means that this version of the statute can be applied only prospectively.

{¶6} The trial court then stated, "[Mr. Hickman] did not have a current support obligation past June 9, 2013[,]" and amended the time-periods of the indictment and dismissed portions of the indictment, stating in part:

> This [c]ourt finds, based upon the uncontroverted factual assertion of the defendant, that [Mr. Hickman] did not have a current support obligation past June 9, 2013. The Indictment spans May 1, 2013, through April 30, 2019. From May 1, 2013 to June 9, 2013, [Mr. Hickman] had a current support obligation that was not arrears only. Therefore, the State of Ohio could prove at trial a violation of the prior statute that criminalizes failure to pay current child support orders. Count I of the Indictment is not dismissed for the time period of May 1, 2013 to June 9, 2013, but the remaining period in Count I is dismissed. Count II is dismissed in its entirety as the entire time period in that count is after D.P. was emancipated but before the amendment to R.C. 2919.21 in 2019. As Ohio law did not criminalize failure to pay child support arrearages only orders until February 11, 2019, the only portion of Count III that remains is February 11, 2019, through April 30, 2019.

{¶7} The State appealed raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN AMENDING THE TIME PERIODS OF COUNT I AND COUNT III OF THE INDICTMENT AND IN DISMISSING COUNT II OF THE INDICTMENT.**

{¶8}    It its sole assignment of error, the State argues the trial court erred in amending the time period in Count I and Count III of the indictment and dismissing Count II of the indictment. Specifically, the State argues that R.C. 2919.21, as amended effective February 11, 2019, applies retroactively to Mr. Hickman.  Mr. Hickman argues that the 2019 amendment to R.C. 2919.21 does not apply retroactively.  Pursuant to this Court's recent decision in *State v. Dobson*, 2024-Ohio-4617 (9th Dist.), this Court agrees that R.C. 2919.21(B)(1)(b) does not apply retroactively.

{¶9}    Pursuant to R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."  "We do not address the question of constitutional retroactivity unless and until we determine that the General Assembly expressly made the statute retroactive." *Hyle v. Porter*, 2008-Ohio-542, ¶ 9.  "In order to overcome the presumption that a statute applies prospectively, a statute must 'clearly proclaim' its retroactive application." *Id.* at ¶ 10, quoting *State v. Consilio*, 2007-Ohio-4163, paragraph one of the syllabus. "Text that supports a mere inference of retroactivity is not sufficient to satisfy this standard; we cannot *infer* retroactivity from suggestive language." *Id.* (Emphasis in original.)  "We therefore begin our retroactivity analysis with the question of statutory interpretation." *Hyle* at ¶ 10.

{¶10}   "Our paramount concern in examining a statute is the legislature's intent in enacting the statute." *Gabbard v. Madison Local School Dist. Bd. of Educ.*, 2021-Ohio-2067, ¶ 13. "To discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Id.* "We give effect to

the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Id.* "When the statutory language is unambiguous, we apply it as written without resorting to rules of statutory interpretation or considerations of public policy." *Id.,* citing *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 2011-Ohio-1603, ¶ 23-24, 26. "In other words, our review 'starts and stops' with the unambiguous statutory language." *Id.,* quoting *Johnson v. Montgomery*, 2017-Ohio-7445, ¶ 15.

{¶11}  R.C. 2919.21(B), as amended on February 11, 2019, provided:

(1) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:

(a) Is legally obligated to support ; or

*(b) Was legally obligated to support, and an amount for support:*

*(i) Was due and owing prior to the date the person's duty to pay current support terminated; and*

*(ii) Remains unpaid.*

(Emphasis added.)

{¶12}  The 2019 amendment added section (B)(1)(b) to the statute.  Prior to February 11, 2019, R.C. 2919.21(B) stated, "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." The General Assembly amended the statute to address the Supreme Court of Ohio's decision in *State v. Pittman*, 2016-Ohio-8314, which determined "a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Id.* at ¶ 1.

**{¶13}** This Court recently decided the issue of the retroactive application of R.C. 2919.21(B) in *Dobson*, 2024-Ohio-4617, where we determined that the February 11, 2019 amendment to R.C. 2919.21(B) applies *prospectively* to arrearages accruing after the date, but not retroactively to arrearages that accrued before that date. As we acknowledged in *Dobson,* while R.C. 2919.21(B) is written both in the present and past tense regarding a person's child support obligation, the General Assembly did not clearly proclaim the statute retroactive by indicating it applied prior to the effective date of February 11, 2019. We reiterate here that the General Assembly could have expressly stated the amendment applies retroactively to the effective date. The mere use of the past tense allows a person to be charged for a past due child support arrearage, which was due and owing prior to the date the person's current support terminated and remains unpaid, but it does not clearly proclaim the intent for this amendment to be effective prior to February 11, 2019. *See Dobson* at ¶ 10.

### III.

**{¶14}** For the foregoing reasons, the State's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, J.
CONCURS.

FLAGG LANZINGER, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶15} I respectfully dissent, in part, from the majority opinion because I would find that the judgment appealed from is not a final, appealable order with respect to Count I and Count III. R.C. 2945.67(A) authorizes a prosecuting attorney to appeal as of right a trial court's decision that "grants a motion to dismiss all or any part of an indictment . . . ." Here, the trial court dismissed Count II in its entirety. The trial court then attempted to dismiss portions of Count I and Count III by "dismiss[ing]" certain time periods contained within those counts. But a trial court cannot dismiss a portion of a count; it must dismiss the entire count. In this case, the trial court effectively amended Count I and Count III by limiting the time periods contained within those counts. R.C. 2945.67(A) authorizes appeals as of right of dismissals, not amendments. As a result, I would

hold that the judgment appealed from is not a final, appealable order with respect to Count I and Count III. I otherwise concur with the majority opinion.

APPEARANCES:

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellant.

YU MI KIM-REYNOLDS, Attorney at Law, for Appellee.