[Cite as *State ex rel. JTC Solutions, L.L.C. v. Kelley*, 2026-Ohio-1288.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL.,                                      :
JTC SOLUTIONS, LLC,

                                                    :

     Relator,

                                                    :          No. 116096

     v.

                                                    :

HONORABLE JUDGE KEVIN J.
KELLEY,                                             :

                                                    :

     Respondent.                                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED
**DATED:** April 8, 2026

---

Writ of Mandamus
Motion No. 593156
Order No. 594074

---

### *Appearances:*

Thrasher, Dinsmore & Dolan, LPA, Leo M. Spellacy, Jr.,
and Samuel T. O'Leary, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Matthew D. Greenwall, Assistant
Prosecuting Attorney, *for respondent*.

ANITA LASTER MAYS

{¶ 1}   The relator, JTC Solutions, L.L.C. ("JTC"), seeks a writ of mandamus

ordering the respondent, Judge Kevin J. Kelley (the "respondent"), to conduct

further proceedings pursuant to this court's mandate in *JTC Solutions, L.L.C. v. New Age Consulting Serv.*, 2025-Ohio-5045 (8th Dist.) ("*JTC Solutions I*"). For the reasons that follow, this court denies the respondent's dispositive motion and grants the application for a writ of mandamus.

## I. Procedural and Factual History[1]

{¶ 2} This original action stems from the underlying civil proceedings initiated by JTC in the Cuyahoga County Court of Common Pleas. *JTC Solutions, L.L.C. v. New Age Consulting Service, Inc. d.b.a. InfinIT*, Cuyahoga C.P. No. CV-24-103430. The respondent is the assigned judge.

{¶ 3} On September 6, 2024, JTC filed a complaint against defendant, New Age Consulting Service, Inc. d.b.a. InfinIT (the "defendant"), setting forth causes of action for breach of contract, violation of R.C. 1335.11, quantum meruit, and declaratory judgment. Specifically, JTC alleged that the defendant unilaterally terminated a Joint Venture Agreement (the "Agreement") entered into between the parties and failed to make payments to JTC as required by the Agreement. JTC sought, through the declaratory-judgment claim, a declaration by the court that

---

[1] This court is permitted to take judicial notice of court filings that are readily accessible from the internet. *State ex rel. Fischer Asset Mgmt., L.L.C. v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

because the defendant materially breached the Agreement, the restrictive covenants listed within section 6 of the Agreement ceased and no longer applied to JTC. [2]

**{¶ 4}** Relevant here, the Agreement contains an arbitration provision, which states, in pertinent part:

> Binding Arbitration. *Except for those claims arising under Section 6 of this Agreement*, the Parties shall arbitrate all disputes, controversies, or claims arising from this Agreement. No person or legal authority shall construe this provision to prevent the Parties from seeking any type of injunctive relief, including specific performance and temporary injunction, against either Party or any other person, from any judicial authority prior to the commencement of arbitration hereunder.

(Emphasis added.) The Agreement, Section 5.3.

**{¶ 5}** Prior to filing an answer, the defendant filed a motion to stay proceedings and compel arbitration pursuant to Section 5.3 of the Agreement. The defendant argued in its motion to compel that the arbitration clause is enforceable and applicable to each claim alleged in the underling lawsuit. JTC opposed the motion, arguing the arbitration clause is void pursuant to R.C. 1335.11(F)(3) because it unlawfully limits JTC's right to initiate litigation. Alternatively, JTC reasoned that even if some claims were subject to arbitration, the Agreement exempted from arbitration any claims arising from Section 6. Thus, JTC maintained that, at a minimum, the declaratory-judgment claim must proceed before the trial court.

---

[2] "Section 6 references the restrictive covenants of noncompetition, nondisclosure of trade secrets and confidential information, nonsolicitation, noninterference, nonsolicitation of employees, and exclusivity." *JTC Solutions I* at ¶ 3.

{¶ 6} On January 16, 2025, the trial court issued a judgment entry denying the motion to stay proceeding and compel arbitration. In support of its judgment, the trial court found the arbitration provision was void because it "subverts [JTC]'s ability to initiate litigation" in violation of R.C. 1335.11(F)(3). On February 4, 2025, the defendant filed a timely appeal from the trial court's judgment.

{¶ 7} On appeal, this court reversed the trial court's judgment, finding "the trial court erred as a matter of law when it improperly found R.C. 1335.11(F)(3) rendered the [Agreement]'s arbitration clause void." *JTC Solutions I* at ¶ 18. Specifically, we determined that the arbitration provision did not violate R.C. 1335.11(F)(3) because it did not limit JTC's ability to initiate litigation or arbitration in Ohio. *Id*. at ¶ 16. Despite this conclusion, however, this court did not render an opinion regarding "the validity of [the defendant's] claims" or whether sufficient evidence supported the defendant's motion to compel arbitration. Rather, we recognized that the trial court did not consider the parties' alternative positions in favor and against arbitration, and therefore, the court should have the first opportunity to resolve the issues left unaddressed in its initial decision. *Id*. at ¶ 21, 31, citing *Citraro v. Computertraining.com Inc*., 2013-Ohio-3249, ¶ 19 (8th Dist.) (Where the trial court has not yet made any fact findings with respect to a relevant issue, the case must be remanded for the trial court to make such findings and render a ruling.).

{¶ 8} Accordingly, we remanded the matter to the trial court with express instructions for the court to (1) "conduct further inquiry into the issues of whether

the arbitration clause is enforceable and whether the arbitration clause applies to all claims raised in JTC's complaint," and (2) "clearly indicate its findings and the evidence upon which it relies" in the judgment entry. *Id*. at ¶ 22.

{¶ 9} On remand, the trial court issued a judgment entry, dated January 5, 2026, granting the defendant's motion to stay and compel arbitration, stating:

> Pursuant to the judgment of the Eighth District Court of Appeals, journalized on November 6, 2025, the defendant's motion for an order staying all proceedings and compelling arbitration is granted.

{¶ 10} On February 3, 2026, JTC filed this original action alleging that the respondent judge did not comply with this court's mandate in *JTC Solutions I*. More specifically, JTC claims that respondent (1) "did not conduct any further inquiry," (2) "did not conduct any further proceedings," and (3) issued an arbitration order that "does not 'clearly indicate [the trial court's] findings and the evidence upon which it relies.'" Accordingly, JTC seeks an order compelling "respondent to conduct further proceedings necessary to determine whether JTC's declaratory judgment claim arises from Section 6 of the JVA and subsequently issue an opinion stating its determination and its rationale[.]"

{¶ 11} On March 9, 2026, respondent filed a motion to dismiss the mandamus petition pursuant to Civ.R. 12(B)(6). Respondent argues the complaint fails to state a claim upon which relief can be granted because (1) the trial court acted in accordance with this court's mandate in *JTC Solutions I*, and (2) JTC has an adequate remedy at law by way of an appeal from the judgment rendered on January

5, 2026.[3]  Respondent also suggests that JTC is improperly using the extraordinary writ to control the respondent's judicial discretion.

{¶ 12}  On March 30, 2026, JTC filed a brief in opposition to the motion to dismiss, reiterating its position that (1) the trial court disregarded the unambiguous mandate of this court, and (2) the trial court's disobedience has rendered a direct appeal an inadequate remedy at law.  JTC further states that its petition "does not seek to overturn the arbitration order or even opine on how respondent should manage his docket."  Rather, the petition is only seeking that respondent adhere to this court's mandate pursuant to the law-of-the-case doctrine.

## II. Law and Analysis

### A. Standard of Review

{¶ 13}  Original actions in mandamus and prohibition ordinarily "proceed as any civil action under the Ohio Rules of Civil Procedure."  Loc.App.R. 45(D)(2)(c).  This case is before this court on respondent's motion to dismiss.  "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint."  *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11.  "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it

---

[3] On February 4, 2026, JTC filed a notice of appeal with this court challenging the trial court's judgment rendered on January 5, 2026.  S*ee JTC Solutions, L.L.C. v. New Age Consulting Serv., Inc. d.b.a. InfinIT*, 8th Dist. Cuyahoga No. 116101.

appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998).

## B. Writ of Mandamus

{¶ 14} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty." R.C. 2731.01. "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). A writ of mandamus is not a substitute for appeal and does not lie to correct errors or procedural irregularities in the course of a case. *Garg v. Scott*, 2024-Ohio-1595, ¶ 7 (8th Dist.). Thus, a writ of mandamus is an extraordinary remedy that should be exercised with caution and issued only when the right to extraordinary relief is clear. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977).

{¶ 15} Generally, extraordinary relief may lie to require a lower court to comply with or to prevent a lower court from proceeding contrary to the mandate of a superior court. *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 557 (1995); *State ex rel. Non-Employees of Chateau Estates Resident Assn. v. Kessler*, 2005-Ohio-6182, ¶ 14 (mandamus and procedendo). This precedent is supported by the law-of-the-case doctrine, which "is necessary to ensure consistency of results

in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Hopkins v. Dyer*, 2004-Ohio-6769, ¶ 15. "The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that '[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.'" *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 394 (1997), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus. *See also In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-256 (1978) ("The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. . . . If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal . . . or by a writ of mandamus to execute the mandate of this court.").

{¶ 16} Pursuant to the foregoing, JTC "can establish a clear legal right to the requested relief and a clear legal duty on the part of respondent judge by establishing that the lower court has failed to comply with a mandate of a superior court." *State ex rel. Cleveland v. Shaughnessy*, 2018-Ohio-4797, ¶ 8 (8th Dist.), citing *State ex rel. Frailey v. Wolfe*, 92 Ohio St.3d 320, 321 (2001), citing *Berthelot v. Dezso*, 86 Ohio St.3d 257, 259 (1999) (stating that a writ of mandamus is the appropriate vehicle to compel a lower court to comply with a mandate issued by a superior court).

{¶ 17} Relatedly, Ohio courts have routinely recognized that "an appeal is an inadequate remedy at law when the above is established." *Id*. at ¶ 9, citing *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100-102 (1995). As the Supreme Court of Ohio has explained, "To hold otherwise might lead to the result of a lower court perpetually refusing a superior court's mandate, necessitating repeated, ineffective appeals." *Heck* at 102. Thus, the availability of an appeal from the trial court's January 5, 2026 judgment is immaterial if JTC can show that respondent has ignored a clear mandate from this court. *Shaughnessy* at ¶ 9.

{¶ 18} In this case, respondent does not dispute that a writ of mandamus may require an inferior tribunal to comply with and not proceed contrary to the mandate of a superior court. Respondent argues, however, that JTC's complaint is deficient because the trial court "complied with and did not act inconsistent with this court's mandate in *JTC Solutions I*." In support of this position, respondent contends that there "was no need for further inquiry or detailed finds of fact" regarding the enforceability of the arbitration clause because JTC "never alleged unconscionability or any defect with enforceability of the [Agreement]." The respondent further suggests that our instructions at paragraph 22 of *JTC Solutions I* were merely "advisory and an attempt to provide respondent guidance following remand." After careful consideration, we are not persuaded by respondent's interpretation of our mandate.

{¶ 19} As previously discussed, this court declined to consider the sufficiency of the evidence supporting the defendant's motion to compel and,

therefore, offered no position regarding the parties' alternative arguments and competing interpretations of the arbitration provision. We reasoned that because the trial court's judgment was premised solely on its inaccurate interpretation of R.C. 1335.11(F), it was necessary to provide the trial court with "the first opportunity to address the merits of [the defendant's] motion to compel arbitration and any counterarguments presented by JTC." *JTC Solutions I* at ¶ 21. To facilitate a thorough and complete resolution of the issues not previously addressed, we issued to the trial court express instructions regarding what was required to occur on remand. Specifically, we set forth dual mandates, requiring the trial court to (1) "conduct further inquiry into the issues of whether the arbitration clause is enforceable and whether the arbitration clause applies to all claims raised in JTC's complaint," and (2) "clearly indicate its findings and the evidence upon which it relies" in the judgment entry. *Id.* at ¶ 22.

{¶ 20} Upon careful consideration of this court's prior decision in *JTC Solutions I* and the language of the trial court's judgment on remand, we find JTC has established that the lower court failed to comply with the mandate of a superior court. In reaching this conclusion, we recognize that a writ of mandamus to "enforce an appellate court's mandate is reserved for extreme cases of direct disobedience." *State ex rel. Cowan v. Gallagher*, 2018-Ohio-1463, ¶ 12. In this case, however, we did not leave the trial court's task open ended. Rather, we provided the trial court with specific instructions regarding the issues to be resolved on remand and the contents of its impending judgment entry. The judgment entry issued on January

5, 2026, disregarded our dual mandate entirely. Instead, the entry suggests that the trial court's decision to grant the motion to stay and compel arbitration was done at the behest of our decision in *JTC Solutions I*. Our decision contained no such directive. Under these circumstances, we find JTC has demonstrated that it is entitled to have the respondent resolve, with findings and reference to the evidence upon which it relies, JTC's alternative arguments in opposition to the defendant's motion to compel that were left unaddressed by the trial court's initial decision and the January 5, 2026 judgment.

{¶ 21} Again, we offer no opinion regarding the merits of the underlying motion to compel arbitration or the scope of the disputed arbitration provision. Respondent correctly states that a writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. As mentioned, however, an inferior court "'has no discretion to disregard the mandate of a superior court[.]" *Heck,* 72 Ohio St.3d at 102, quoting *Nolan,* 11 Ohio St.3d at syllabus. *See also Gallagher v. Collier-Williams*, 2023-Ohio-748, ¶ 14 (stating, "[T]he court of appeals is in the best position to interpret its own mandate and to determine whether a trial-court judge has violated that mandate.").

{¶ 22} Finally, we recognize that an order granting or denying a motion for stay pending arbitration is ordinarily a final, appealable order. *Mynes v. Brooks*, 2009-Ohio-5946, syllabus; R.C. 2711.02(C). In this case, however, an appeal from the January 5, 2026 judgment would not be complete, beneficial, and speedy. *See Shaughnessy,* 2018-Ohio-4797, at ¶ 25 *(8th Dist.),* citing *State ex rel. Kerns v.*

*Simmers,* 2018-Ohio-256, ¶ 10; *State ex rel. Gallagher v. Collier-Williams,* 2022-Ohio-1177, ¶ 13 (8th Dist.) ("A court does not consider the lack of an adequate remedy at law when it is clear that a respondent is disregarding a mandate of a superior court."). If JTC was required to proceed on appeal without being afforded mandamus relief, the reviewing panel would be required to resolve duplicative arguments regarding the trial court's compliance with our mandate of *JTC Solutions I* before considering the merits of the underlying motion to compel arbitration. An appellate reversal pursuant to the law-of-the-case doctrine would only serve to delay resolution of this matter on its merits. As this court has previously stated:

> When a matter is decided on appeal, that matter is the law of the case, and further filings or appeals should not be required to effectuate what has already been decided. Requiring such is not complete, beneficial, and speedy.

*Id.* at ¶ 27, citing *State ex rel. Cleveland v. Astrab,* 2014-Ohio-2380, ¶ 26. In our view, prompt resolution of the issues contemplated under this court's prior mandate serves the interest of judicial economy and will prevent repeated, ineffective appeals moving forward. Accordingly, we find JTC has satisfied the third requirement for mandamus.

{¶ 23} Based on the foregoing, this court finds that the equities of the situation demand that a writ of mandamus issue directing respondent to adhere to this court's prior mandate. Respondent is directed to (1) conduct further inquiry into the issues of (a) whether the arbitration clause is enforceable and (b) whether

the arbitration clause applies to all claims raised in JTC's complaint, and (2) clearly indicate its findings and the evidence upon which it relies in the judgment entry.

{¶ 24} Respondent's motion to dismiss is denied. Writ granted.

{¶ 25} Costs assessed against respondent; costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

_____

ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR